USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/10/2020

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEM ACCESSORIES, INC. d/b/a Xtreme Cables, | 1:20-cv-04984-GHW |
| Plaintiff, | |
| v. | **STIPULATED CONFIDENTIALITY** |
| JVCKENWOOD USA CORP. and HARMAN INTERNATIONAL INDUSTRIES, INC., | **AGREEMENT AND PROTECTIVE ORDER** |
| Defendants. | |

GREGORY H. WOODS, District Judge:

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such material (the Confidential Discovery Material") to anyone else except as expressly permitted hereunder:

2. The Party or person producing, disclosing, or designating Discovery Material ("Designating Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

    (a) previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    (b) previously non-disclosed material relating to ownership or control of any non-public company;

    (c) previously non-disclosed business plans, product-development information, or marketing plans;

    (d) any information of a personal or intimate nature regarding any individual; or

    (e) any other category of information given confidential status by this Court after the date of this Order.

3. The Designating Party may designate as "Highly Confidential – Attorneys' Eyes Only" the portion of such Discovery Material that meets the criteria of paragraph two and that it reasonably and in good faith believes consists of trade secrets, proprietary information, personal or intimate individual information, or competitively sensitive business information, the disclosure of which is highly likely to cause significant harm to the Designating Party.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Designating Party or its counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; (b) producing for future public use another copy of said Discovery Material with the confidential information redacted; and (c) to the extent that it would be impractical to visibly mark Discovery Material with the words "Confidential" or "Highly Confidential – Attorneys' Eyes Only" such Discovery

Material may also be designated in other practical ways (*e.g.*, in the case of the production of native Excel spreadsheets, labeling the file as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" and/or communicating the designation in contemporaneous correspondence).

    5. A Designating Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all Counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential or Highly Confidential – Attorneys' Eyes Only, as applicable.

    6. If at any time before the termination of this action a Producing Party realizes that it should have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" some portion(s) of Discovery Material that it previously produced without such limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only. In addition, the Designating Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Highly Confidential – Attorneys' Eyes Only" designation within five business days of providing such notice.

    7. If at any time before termination of this action, a receiving Party realizes that

some portion(s) of Discovery Material should be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," the receiving Party may request in writing that the Discovery Material be treated with such designation.

8. If a Designating Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the inadvertently disclosed Discovery Material and certify in writing that all such information has been returned or destroyed, or shall lodge objections to the claim in writing.

9. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request or any designation asserting confidentiality; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

10. Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

(a) the Parties to this action, their shareholders, their insurers, and counsel to their insurers;

(b) counsel retained by the Parties or their shareholders specifically for this action (regardless of whether counsel is admitted to practice in the United States or another country), including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

11. Where a Designating Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a) Counsel retained by the Parties or their shareholders specifically for this action (regardless of whether the counsel is admitted to practice in the United States or another country), including any shareholders, partners, of counsel, special counsel, associates, law clerks, interns, paralegals, clerical staff, or other assistants that such counsel employs;

(b) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

(c) any mediator or arbitrator that the Parties engage in this mater or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement

in the form annexed as Exhibit A hereto;

(d) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(e) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(f) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(g) this Court, including any appellate court, its support personnel, and court reporters.

12. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 10(d), 10(f), 10(g), 11(c), or 11(e) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

13. This Order binds the Parties and certain others to treat as Confidential and/or Highly Confidential – Attorneys' Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as "Confidential" or "Highly Confidential – Attorneys' Eyes

Only."

14. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 4(A) of the Court's Individual Rules of Practice in Civil Cases, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.  In accordance with Rule 4(A) of this Court's Individual Rules of Practice in Civil Cases, any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

15. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Designating Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 2(C) of this Court's Individual Practices. The disputed Discovery Material shall be treated according to their given designation pending a ruling from the Court.

16. Any Party who requests additional limits on disclosure may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(C) of this Court's Individual Rules of Practice in Civil Cases.

17. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Designating Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Designating Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19. Each person who has access to Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Designating Party, or, upon permission of the Designating Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Designating Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, discovery, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival

copies that contain or constitute Confidential Discovery Material remain subject to this Order.

21. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential Discovery Material is produced or disclosed.

22. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/Jeffrey P. Resnick*
JEFFREY RESNICK, ESQUIRE
FOR PLAINTIFF
DATED: 12-10-2020

*/s/J. Brugh Lower*
J. BRUGH LOWER, ESQUIRE
FOR DEFENDANT JVCKENWOOD USA CORPORATION
DATED: 12-10-2020

*/s/Morris Cohen*
MORRIS COHEN, ESQUIRE
FOR PLAINTIFF
DATED: 12-10-2020

*/s/Robert Litowitz*
ROBERT LITOWITZ, ESQUIRE
FOR DEFENDANT JVCKENWOOD USA CORPORATION
DATED: 12-10-2020

*/s/Lee Goldberg*
LEE GOLDBERG, ESQUIRE
FOR PLAINTIFF INTERNATIONAL
DATED: 12-10-2020

*/s/Monica Asher*
MONICA ASHER, ESQUIRE
FOR DEFENDANT HARMAN INDUSTRIES, INC.
DATED: 12-10-2020

*/s/John Dabney*
JOHN DABNEY, ESQUIRE
FOR DEFENDANT HARMAN INTERNATIONAL INDUSTRIES, INC
DATED: 12-10-2020

/s/ Mary Hallerman
──────────────────────────
MARY HALLERMAN, ESQUIRE
FOR DEFENDANT HARMAN
INTERNATIONAL INDUSTRIES, INC
DATED: 12-10-2020

SO ORDERED.

Dated:  December 10, 2020

──────────────────────────
GREGORY H. WOODS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JEM ACCESSORIES, INC. d/b/a Xtreme Cables, | : | 1:20-cv-04984-GBW |
| Plaintiff, | : | |
| v. | : | **NON-DISCLOSURE AGREEMENT** |
| JVCKENWOOD USA CORP. and HARMAN INTERNATIONAL INDUSTRIES, INC., | : | |
| Defendants. | : | |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (collectively, "Confidential Discovery Material"). I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date: